IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA SKAAR,

        Plaintiff,

vs.                                                             Civ. No. 96-1809 WWD/LFG

ALBUQUERQUE PUBLIC SCHOOLS,

        Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Albuquerque Public Schools' Motion for Summary Judgment filed January 16, 1998. Having considered the motion, response, and reply, and being otherwise fully advised in the premises, I find that the motion is not well taken and will be denied.

BACKGROUND

This action is brought pursuant to the Americans with Disabilities Act 42 U.S.C. § 12101-12213 (hereinafter "ADA" or "Act"). Plaintiff Linda Skaar claims that Defendant Albuquerque Public Schools (hereinafter "APS") breached its duty under the ADA by not allowing Plaintiff to return to work following a medical leave of absence and by failing to provide her with reasonable accommodations so she could perform the essential functions of her job. Plaintiff seeks reinstatement as well as damages and other relief. Jurisdiction of this Court is properly under 28 U.S.C. § 1331.

1

The facts of this case appear to be as follows. Linda Skaar is a 53 year old woman who was employed by APS from 1969 until 1996 as an elementary school teacher. She was discharged by APS in 1996 following a medical leave of absence necessitated by multiple chemical sensitivities which interfered with her ability to breath when she was in an area where certain chemicals, including perfume, were present. Ms. Skaar and APS negotiated concerning reasonable accommodations in connection with her condition. APS expressed a willingness to make numerous accommodations; however, negotiations between the parties broke down on the question of whether Ms. Skaar would have to be physically present at "interactive educational meetings" with the school staff and facility. At Cochiti Elementary School, where Ms. Skaar taught, all teachers were required to attend interactive staff meetings, in service training, and to participate in IEP and 504 committee meetings. These meetings are held in locations within the school which are not presently equipped with telecommunications equipment which would allow "attendance" at the meeting without being physically present. APS did not offer to utilize such telecommunications equipment as an accommodation to Plaintiff. The parties never reached agreement as to what would constitute reasonable accommodation; however, APS did make commendable efforts to accommodate Ms. Skaar. In June of 1996 Mrs. Skaar was advised that APS would offer her a contract for the 1996-97 school year if she provided APS with a statement from her physician that she could participate in meetings involving other faculty and staff members when her participation was deemed essential. Negotiations on this point broke down, and Plaintiff was sent a notice of discharge on July 10, 1996.

DISCUSSION

Summary judgment is appropriately granted when the Court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over material fact and the moving party is entitled to judgment as a matter of law." Thrasher v. B&B Chemical Co., 2 F.3d 995, 996 (10th Cir. 1993); Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). The party moving for summary judgment bears the initial burden of showing "there is an absence of evidence to support the non-moving party's case." Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, the opposing party must provide the Court with specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(e); Gray v. Udevitz, 656 F.2d 588, 592 (10th Cir. 1981).

Even if it is conceded that an "essential function" of Plaintiff's position as a school teacher is the attendance of Plaintiff in various meetings with other teachers and staff of the school, I consider the question of whether such "attendance" could be effectuated by the use of telecommunications equipment to present a genuine dispute over a material fact. I take judicial notice of the extensive use of such equipment in many different contexts. In other words, whether such an accommodation would be "reasonable" seems to me to present a question of fact. Additionally, I am not convinced that such an accommodation would be an undue hardship.

I also find some confusion regarding plaintiff's contention that she was willing to return to work with the accommodation plan APS had in place in February 1996, in light of her deposition testimony. Deft's Ex.A at 204. Ms. Skaar relates a desire to return to work at that time, pointing to her doctor's notes which states that she had the ability to do the essential functions of her job "with accommodations." Resp. Brf. at 9, Pltff's Exs. 5, 6, 7. Yet, she was unwilling to

3

provide APS either with a letter stating that she could do her job with accommodations which had been provided, or a letter stating that she could participate in meetings involving other faculty and staff members when her presence was required.  Deft. Ex. A at 217, Ex. 39.[1]

As a general matter, an employer is not required to restructure the essential functions of an employment position to accommodate an employee's disability.  See Bradley v. University of Texas M.D. Anderson Cancer Ctr., 3 F.3d 922, 925 (5th Cir. 1993), cert. denied, 114 S.Ct. 1071 (1994); Jasany v. United States Postal Serv., 755 F.2d 1244, 1251-52 (6th Cir. 1985).  But an employer does have an affirmative obligation to offer reasonable accommodations that would help an employee with a disability perform the essential functions of her job.  School Board of Nassau Co. v. Arline, 480 U.S. 273, 287 n.17 (1987); Buckingham v. United States, 998 F.2d 735, 739 (9th Cir. 1993); 29 C.F.R. § 1630 app. (1993).

CONCLUSION

Even assuming that Plaintiff's attendance at certain meetings with other teachers and school staff is "essential" to her job, I find that there is a question of material fact with respect to what accommodations are reasonable which must be resolved before the question of whether plaintiff can perform the essential functions as an elementary school teacher with or without accommodation.

**WHEREFORE,**

---

[1] As plaintiff points out, the February 9th plan tracks the accommodations Ms. Skaar's physician deemed necessary.  The provision concerning "interactive" meetings required the meeting areas to be "properly ventilated" and allowed plaintiff to wear a ventilator mask during these meetings.  Pltff's Exs. 4, 7.

4

**IT IS ORDERED** that Defendant Albuquerque Public Schools' Motion for Summary Judgment be, and it hereby is, DENIED.

 _____
 UNITED STATES MAGISTRATE JUDGE